UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MICHAEL KUM,

                Plaintiff,                                **REMAND ORDER**
                                                       12-CV-4608 (RRM)(RER)
      - against -

SHANIQUA A. WALCOTT and RENTAL CAR
FINANCE CORP.,

                Defendants.
-------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

      This personal injury action was commenced on or about July 10, 2012 with the filing, in the Supreme Court of the State of New York, County of Queens, of a Summons and Verified Complaint. On September 14, 2012, defendants Shaniqua Walcott and Rental Car Finance Corp. removed this action to this Court, relying on this Court's diversity jurisdiction under 28 U.S.C. § 1332(a) as the basis for removal. (Notice of Removal (Doc. No. 1) ¶¶ 2-3.) On September 28, 2012, this Court issued an Order to Show Cause requiring defendants to demonstrate why this action should not be remanded to state court for lack of diversity jurisdiction. (Order to Show Cause (Doc. No. 7).) The Order asked defendants to show first, that the notice of removal was timely filed, *i.e.*, within thirty days of their receipt of the initial pleading, *see* 28 U.S.C. § 1446(b)(1), or of the plaintiff serving them "with a paper that explicitly specifies the amount of monetary damages sought," *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010). Second, the Order required defendants to prove, by a preponderance of the evidence, that the amount in controversy exceeded $75,000. *See* 28 U.S.C. § 1446(c)(2)(B). Finally, the Order asked defendants to show that they were completely diverse from plaintiff.

Defendants responded to the Order to Show Cause on October 4, 2012. (Decl. to Show Cause (Doc. No. 8).) In essence, they agree with the Court that diversity jurisdiction is lacking for the reasons enumerated above. First, they concede that they filed the notice of removal beyond the thirty-day time limit, but, pointing to *Moltner*, allege that Kum has yet to serve a pleading or paper on them which "specifies the amount of monetary damages sought." 624 F.3d at 38. The Court concludes that defendants' notice of removal is untimely—not for lateness, but because it was filed *too early*. *See id*. ("[T]he removal clock *does not start to run* until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetarydamages sought.") (emphasis added).

Second, defendants "concede[] that there is nothing in the Notice of Removal or Plaintiff's complaint which would permit the court to find by a preponderance of the evidence that the amount in controversy exceeds" $75,000. (Doc. No. 8 at 2-3.) They ask the Court, however, to presume that the amount in controversy exceeds $75,000 because Kum has thus far failed to respond to a demand for a statement of damages, as well as to a letter inviting him to stipulate that damages do not exceed $75,000. According to defendants, if the amount in controversy did not exceed $75,000, "one would assume that Plaintiff would sign said stipulation." (*Id*. at 3.) But an unsigned stipulation, and Kum's failure to respond to defendants' demand, does not show, by a preponderance of the evidence, that the amount-in-controversy requirement is satisfied. *See Noguera v. Bedard*, No. 11-CV-4893, 2011 WL 5117598, at *2 (E.D.N.Y. Oct. 26, 2011) (citations omitted) ("[D]efendants' reference to an unsigned stipulation by which they hope to bind plaintiff to a promise never made, or confer subject matter jurisdiction on the Court, is insufficient to establish the amount in controversy required by the removal and diversity statutes.); 14AA Wright, Miller et al., Federal Practice and Procedure §

3702.1 (4th ed.) ("[A] refusal to stipulate or contest the notice of removal normally should not be accepted by the district court as establishing the jurisdictional amount because that might be viewed as tantamount to allowing the parties to consent to removal jurisdiction.").

Defendants also argue that the amount-in-controversy requirement is met because file notes indicate that Kum underwent shoulder surgery. As their counsel "declared," "the 'value' of such injury alone, both in State and Federal court, is routinely in excess of $75,000.00." (Doc No. 8 at 3.) This unsworn and unsupported allegation does not prove, by a preponderance of the evidence, that Kum's damages exceed $75,000. Accordingly, the Court concludes that the amount-in-controversy requirement of federal diversity jurisdiction is not met.

Finally, defendants concede that they do "not know for certain whether the Plaintiff, Michael Kum, is in fact a 'citizen' of the State of New York." (*Id.*) They do, however, produce the police report from the accident, which lists Kum's address in New York and defendant Walcott's address in New Jersey. This does not suffice. Allegations of "residence" do not satisfy the requirement of diversity jurisdiction that a plaintiff and defendant be "citizens of different States." 28 U.S.C. § 1332(a)(1); *see also Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996) ("[A] statement of the parties' residence is insufficient to establish their citizenship."); *Winkler v. Hirsch*, No. 12-CV-3893, 2012 WL 3779295, at *2 (E.D.N.Y. Aug. 30, 2012) (same). Moreover, the Court need not grant defendants' request to conduct discovery on the issue of citizenship because it has already concluded that the other requirement of diversity jurisdiction—the amount in controversy—is not met.

3

**CONCLUSION**

For the reasons stated herein, and as further amplified by the discussion in the Court's Order to Show Cause, this action is hereby REMANDED to the Supreme Court of the State of New York, County of Queens.

The Clerk of Court is directed to take the necessary actions to remand this case, and to close the file.

SO ORDERED.

Dated: Brooklyn, New York
October 5, 2012

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge